UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| VICENTE ESQUIVEL FAVELA, | |
| Petitioner, | |
| v. | No. 1:25-CV-261-H |
| KRISTI NOEM, et al., | |
| Respondents. | |

### ORDER

Yesterday morning, the respondents notified the Court that the petitioner is scheduled to be removed to Mexico in 72 hours. Dkt. No. 10 at 1. The Court ordered the respondents to clarify by 6:00 p.m. that afternoon whether the petitioner is subject to a final order of removal, mooting his statutory and constitutional challenges to his detention without bond. Dkt. No. 11; see 8 U.S.C. § 1231(a)(2)(A); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The respondents informed the Court that an immigration judge granted the petitioner's request for pre-conclusion voluntary departure with safeguards under Section 1229c of the INA. Dkt. No. 12 at 1; see Dkt. No. 13-1 at 3.

Around 2:00 a.m., the petitioner filed a response. Dkt. No. 13. Confusingly, the response had nothing to do with this case. It featured a different petitioner (Shaheen Iqbal), in a different district (the Western District of Texas's El Paso Division), and an entirely different set of legal issues (the Fourth Amendment).[1] *Id.* Nevertheless, hours after the Court's 9:00 a.m. deadline, the petitioner filed a new response requesting that the Court order his release by 6:00 p.m. this evening. Dkt. No. 14 at 2. Immediate release is required,

---

[1] Adding to the confusion, petitioner's counsel attached the correct order on the petitioner's motion for pre-conclusion voluntary departure. *See* Dkt. No. 13-1.

he says, because the respondents allegedly conceded in briefing in a different case that aliens who voluntarily depart are no longer "applicants for admission" subject to mandatory detention under the INA. *Id.* at 1–2.

The Court declines the petitioner's request. Putting aside whether the petitioner remains an "applicant for admission" under Section 1225(b)(2)(A), he cites no authority suggesting that the government cannot temporarily detain an alien "to ensure the alien's timely departure" under Section 1229c. *El Badrawi v. United States*, 787 F. Supp. 2d 204, 232 (D. Conn. 2011) (quoting 8 C.F.R. § 1240.26(b)(3)(i)). In fact, the relief afforded to the petitioner—voluntary departure with safeguards—"appears to refer generally to a procedure involving detention until departure." *Id.*; *see In re M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) ("[T]he term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States."). Thus, the petitioner has not shown that limited detention is improper here.

Still more, the Court will not micromanage the government's efforts to effectuate the petitioner's voluntary departure. *See United States v. Texas*, 599 U.S. 670, 678–79 (2023) (noting the government's discretion in enforcing federal immigration law). Apparently, the petitioner "has been trying to voluntarily depart for the last 30 days." Dkt. No. 14 at 2. Yet this is the first the Court has heard of it. The petitioner's counsel did not seek relief (let alone inform the Court that voluntary departure had been granted) until the eve of his client's return to Mexico. Neither the law nor common-sense favor granting the petitioner's eleventh-hour attempt to rush the government into executing a departure that is scheduled to occur in approximately one day.

The respondents are ordered to promptly inform the Court when the petitioner's voluntary departure has been effectuated.

So ordered on February 13, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE